# United States Bankruptcy Court
## Eastern District of Michigan, Southern Division

**VOLUNTARY PETITION**

| Name of Debtor (If individual, enter Last, First, Middle)<br>**Olesky, Matthew S.** | Name of Joint Debtor (Spouse) (Last, First, Middle)<br>**Olesky, Shana B.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden and trade names)<br>**N/A** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden and trade names)<br>**f/k/a Shana B. Willis** |
| Last four digits of Soc. Sec or Individual Taxpayer I.D. (ITIN) No./Complete EIN<br>(If more than one, state all)<br>**8256** | Last four digits of Soc. Sec or Individual Taxpayer I.D. (ITIN) No./Complete EIN<br>(If more than one, state all)<br>**3254** |
| Street Address of Debtor (No. and street, city and state)<br>**21507 Lakebreeze Street**<br>**St. Clair Shores, MI**<br>Zip Code **48082-2206** | Street Address of Joint Debtor (No. and street, city and state)<br>**21507 Lakebreeze Street**<br>**St. Clair Shores, MI**<br>Zip Code **48082-2206** |
| County of Residence or of the Principal Place of Business<br>**Macomb** | County of Residence or of the Principal Place of Business<br>**Macomb** |
| Mailing Address of Debtor (If different from street address) | Mailing Address of Joint Debtor (If different from street address) |

| Location of Principal Assets of Business Debtor (If different from street address above) |
|---|

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box)<br><br>[X] Individual (includes Joint Debtors)<br>*(See Exhibit D on Page 2 of this form)*<br>[ ] Corporation (includes LLC and LLP)<br>[ ] Partnership<br>[ ] Other: (If Debtor is not one of the above)<br>entities, check this box and state type of<br>entity below<br>_____<br>_____ | **Nature of Business**<br>(Check **one** box)<br><br>[ ] Health Care Business<br>[ ] Single Asset Real Estate as defined<br>in 11 U.S.C. §101 (51B)<br>[ ] Railroad<br>[ ] Stock Broker<br>[ ] Commodity Broker<br>[ ] Clearing Bank<br>[ ] Other<br><br>**Tax Exempt Entity**<br>(Check box, if applicable)<br><br>[ ] Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Chapter of Bankruptcy Code Under Which<br>The Petition Is Filed** (Check One Box)<br><br>[X] Chapter 7    [ ] Chapter 15 Petition for<br>[ ] Chapter 9       Recognition of a Foreign<br>[ ] Chapter 11     Main Proceeding<br>[ ] Chapter 12   [ ] Chapter 15 Petition for<br>[ ] Chapter 13     Recognition of a Foreign<br>              Nonmain Proceeding<br><br>**Nature of Debts**<br>(Check One Box)<br><br>[X] Debts are primarily consumer  [ ] Debts are primarily<br>debts, defined in 11 U.S.C.     business debts.<br>§101(8) as "incurred by an<br>individual primarily for a<br>personal, family or household<br>purpose." |

| **Filing Fee (Check One Box)**<br>[X] **Full Filing Fee Attached**<br><br>[ ] Filing fee to be paid in installments (applicable to individuals only).<br>Must attach signed application for the Court's consideration certifying<br>that Debtor is unable to pay fee except in installments. Rule 1006(b)<br>See Official Form 3A.<br><br>[ ] Filing fee waiver requested. (Applicable to Chapter 7 individuals only).<br>Must attach signed application for the Court's consideration<br>See Official Form 3B. | **Chapter 11 Debtors**<br><br>**Check One Box**<br>[ ] Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).<br>[ ] Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).<br>**Check if:**<br>[ ] Debtor's aggregate non-contingent liquidated debts (excluding debts<br>owed to insiders or affiliates) are less than $2,190,000.<br>**Check all applicable boxes:**<br>[ ] A plan is being filed with this petition.<br>[ ] Acceptances of the plan were solicited pre-petition from one or more<br>classes of creditors, in accordance with 11 U.S.C. §1126(b). |

| Statistical / Administrative Information<br><br>[ ] Debtor estimates that funds will be available for distribution to unsecured creditors<br>[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds<br>available for distribution to unsecured creditors | THIS SPACE IS FOR<br><br>COURT USE ONLY |
|---|---|

**Estimated Number of Creditors**

| [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

**Estimated Assets**

| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001<br>$500,000 | $500,001<br>to $1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

**Estimated Liabilities**

| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001<br>$500,000 | $500,001<br>to $1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| VOLUNTARY PETITION | Name of Debtor(s) |
|---|---|
| *(This Page Must Be Completed And Filed In Every Case)* | **Matthew S. and Shana B. Olesky** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years  (If more than two, attach additional sheet)

| Location Where Filed        See Attached Cover Sheet | Case Number | Date Filed |
|---|---|---|
| Location Where Filed | Case Number | Date Filed |

### Pending Bankruptcy Case Filed By Any Spouse, Partner of Affiliate Of This Debtor  (If more than one, attach additional sheet)

| Name of Debtor        See Attached Cover Sheet | Case Number | Date Filed |
|---|---|---|
| District | Relationship | Judge |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if Debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11.) | (To be completed if Debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the Petitioner(s) named in the foregoing Petition, declare that I have informed the Petitioner that he/she may proceed under Chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the Debtor(s) the notice required under 11 U.S.C. § 342(b) |
| [ ]  Exhibit A is attached and made a part of this petition. | */S/ Mark W. Chessman*    Date: **February 4, 2010**
**Mark W. Chessman (P29174)   Attorney for Debtor** |

### Exhibit C

Does the Debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

[ ]  Yes, and Exhibit C is attached and made a part of this Petition.                                       .

[X]  No.   _____

### Exhibit D

(To be completed by every individual Debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

[X]  Exhibit D completed and signed by the Debtor is attached and made a part of this petition.

If this is a joint petition:

[X]  Exhibit D also completed and signed by the joint Debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
### (Check any applicable box)

[X]  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this Petition or for a longer part of such 180 days than in any other District.

[ ]  There is a bankruptcy case concerning Debtors affiliate, general partner, or partnership pending in this District.

[ ]  Debtor is a Debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding  [in a federal or state court ] in this District,  or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
### (Check all applicable boxes)

[ ]  Landlord has a judgment against the Debtor for possession of the Debtor's residence.  (If box checked, complete the following):

Name of Landlord that obtained Judgment:  _____

Address of Landlord:  _____

[ ]  Debtor claims that under applicable non bankruptcy law, there are circumstances under which the Debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

[ ]  Debtor has included with this petition the deposit with the Court of any rent that would become due during the 30 day period after the filing of the petition.

[ ]  Debtor certifies that he/she has served the Landlord with this Certification (11 U.S.C. § 362(1)).

| VOLUNTARY PETITION | Name of Debtor(s) |
|---|---|
| *(This Page Must Be Completed And Filed In Every Case)* | **Matthew S. and Shana B. Olesky** |

## SIGNATURES

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under Chapter 7, 11, 12, or 13 of Title 11, United States Code, understand the relief available under each such chapter and choose to proceed under Chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the Chapter of Title 11, United States Code, specified in this petition.

***/S/ Matthew S. Olesky***
Signature of Debtor **Matthew S. Olesky**

***/S/ Shana B. Olesky***
Signature of Joint Debtor **Shana B. Olesky**

Telephone Number (if not represented by attorney)
**Date: February 4, 2010**

### Signature of a Foreign Representative

I declare under the penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding and that I am authorized to file this petition

(Check only one box.)

[ ] I request relief in accordance with Chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

[ ] Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11, specified in this petition A certified copy of the Order granting recognition of the foreign main proceeding is attached.

Signature of Foreign Representative

Printed name of Foreign Representative
Dated: _____

### Signature of Attorney*

***/S/ Mark W. Chessman***
Signature of Attorney for Debtor(s)
**Mark W. Chessman (P29174)**
**Law Offices of Mark W. Chessman P.C.**
**25225 Gratiot Avenue**
**Roseville, MI 48066**
**(586)-498-9400**
**diana@chessmanlaw.com**
**Dated: February 4, 2010**

*In a case in which §707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this document for compensation and have provided the Debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h) and 342(b); and, and (3) If rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the Debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the Debtor as required in that section. Official form 19 is attached.

_____
Printed Name and Title, if any, of Bankruptcy Petition Preparer.
_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security Number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. §110.)

_____
Address
_____

_____
Signature of Bankruptcy Petition Preparer

Date: _____

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person or partner whose social security number is provided above.

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual;

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the Debtor.

The Debtor requests relief in accordance with the Chapter of Title 11, United States Code, specified in this Petition.

_____
Signature of Authorized Individual

_____
Print or Type Name of Authorized Individual

_____
Title of Individual Authorized

_____
Date

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result In fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

IN THE MATTER OF:        Chapter 7 Proceeding

  Matthew S. Olesky       Case No.
  21507 Lakebreeze Street
  St. Clair Shores, MI 48082-2206  Judge
  ***-**-8256

  Debtor(s)         /
MARK W. CHESSMAN (P29174)
Attorney for Debtor
25225 Gratiot Avenue
Roseville, MI  48066
(586)-498-9400         /

EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT
OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case and the Court can dismiss any case you do file.  If that happens you will lose whatever filing fee you paid and your creditors will be able to resume collection activities against you.  If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

Every individual Debtor must file this Exhibit D.  If a joint Petition is filed, each spouse must complete and file a separate Exhibit D.  Check one of the five statements below and attach any documents as directed.

**[X]** 1.  Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States Trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

**[ ]** 2.  Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States Trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.  *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

(Page 1 of 2)

**[ ]   3.**   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here]*.

**If your certification is satisfactory to the Court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30 day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the Court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

**[ ]   4.**   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the Court.]*

**[ ]**   Incapacity. (Defined in 11 U.S.C. §109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

**[ ]**   Disability.  (Defined in 11 U.S.C. §109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone or through the Internet.);

**[ ]**   Active military duty in a military combat zone.

**[ ]   5.**   The United States Trustee or Bankruptcy Administrator has determined that the credit counseling requirement of 11 U.S.C. §109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Dated: February 4, 2010

                                        */S/ Matthew S. Olesky*
                                        Matthew S. Olesky
                                        Debtor

(Page 2 of 2)

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


IN THE MATTER OF:                              Chapter 7 Proceeding

    Shana B. Olesky,                         Case No.
    (f/k/a Shana B. Willis)
    21507 Lakebreeze Street                 Judge
    St. Clair Shores, MI 48082-2206
    ***-**-3254

    Debtor(s)_____/
MARK W. CHESSMAN (P29174)
Attorney for Debtor
25225 Gratiot Avenue
Roseville, MI 48066
(586)-498-9400_____/


EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT
OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case and the Court can dismiss any case you do file. If that happens you will lose whatever filing fee you paid and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

Every individual Debtor must file this Exhibit D. If a joint Petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.

**[X] 1.** Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States Trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

**[ ] 2.** Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States Trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

(Page 1 of 2)

[ ] 3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.*[Summarize exigent circumstances here]*.

**If your certification is satisfactory to the Court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30 day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the Court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

[ ] 4.  I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the Court.]*

    [ ] Incapacity. (Defined in 11 U.S.C. §109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    [ ] Disability.  (Defined in 11 U.S.C. §109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone or through the Internet.);

    [ ] Active military duty in a military combat zone.

[ ] 5.  The United States Trustee or Bankruptcy Administrator has determined that the credit counseling requirement of 11 U.S.C. §109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Dated: February 4, 2010


*/S/Shana B. Olesky*
_____
Shana B. Olesky
Debtor

**UNITED STATES BANKRUPTCY COURT**
**FOR EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:    **Matthew S. and Shana B. Olesky**            **Chapter 7 Case No.**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the Debtor(s) assets. Add the amounts of all claims from Schedules D, E and F to determine the total amount of Debtor(s) liabilities. Individual Debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under Chapter 7, 11 or 13.

| NAME OF SCHEDULE | ATTACHED YES/NO | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A. Real Property | Yes | 1 | $132,000.00 | | |
| B. Personal Property | Yes | 3 | $39,330.00 | | |
| C. Property Claimed as Exempt | Yes | 2 | | | |
| D. Creditors Holding Secured Claims | Yes | 1 | | $156,848.00 | |
| E. Creditors Holding Unsecured Priority Claims. (Total of Claims on Schedule E) | Yes | 1 | | $0.00 | |
| F. Creditors Holding Unsecured Non-Priority Claims. | Yes | 2 | | $40,624.00 | |
| G. Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H. Co-Debtors | Yes | 1 | | | |
| I. Current Income of Individual Debtor(s) | Yes | 1 | | | $5,182.15 |
| J. Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $5,180.00 |
| Total | | 14 | $171,338.00 | $197,472.00 | |

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:   Matthew S. and Shana B. Olesky                          Chapter 7 Case No.

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. §159)

If you are an individual Debtor whose debts are primarily consumer debts, as defined in §101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under Chapter 7, 11 or 13, you must report all information requested below.

[ ] Check this box if you are an individual Debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This  information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (From Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (From Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (From Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $0.00 |
| Obligations to Pension or Profit Sharing, and Other Similar Obligations (From Schedule F). | $0.00 |
| Total: | $0.00 |

State the following:

| | |
|---|---|
| Average Income (From Schedule I, Line 16) | $5,182.15 |
| Average Expenses (From Schedule J, Line 18) | $5,180.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR** Form 22C Line 20 | $6,152.96 |

State the following:

| | | |
|---|---|---|
| 1.  Total from Schedule D "UNSECURED PORTION, IF ANY" column. | N/A | $13,348.00 |
| 2.  Total from Schedule E "AMOUNT ENTITLED TO PRIORITY" column. | $0.00 | N/A |
| 3.  Total from Schedule E "AMOUNT NOT ENTITLED TO PRIORITY" IF ANY" column | N/A | $0.00 |
| 4.  Total from Schedule F. | N/A | $40,624.00 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4). | N/A | $53,972.00 |

Debtor:  Matthew S. and Shana B. Olesky                    Case No.

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the Debtor has any legal, equitable, or future interest, including all property owned as a  co-tenant, community property, or in which the Debtor has a life estate.  Include any property in which the Debtor holds rights and powers exercisable for the Debtor(s) own benefit.   If the Debtor is married, state whether  husband, wife or both, or the marital community  own the property  by placing an "H", "W", "J", or "C" in the column labeled "Husband", "Wife", Joint or Community".  If the Debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this Schedule.  List them in Schedule G, Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled  "Amount of Secured Claim."

If the Debtor is an individual or if a joint petition is filed, state the amount of any exemptions claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor(s) Interest in Property | Husband Wife, Joint or Community | Current Market Value Of Debtor(s) Interest In Property, Without Deducting Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Residence at: 21507 Lakebreeze Street St. Clair Shores, MI | Fee Simple. | J | $126,000.00 | $126,643.00 $3,000.00 |
| Vacant Lot in Shiawassee County, MI | Fee Simple. | W | $6,000.00 | $0.00 |
| | Total | | $132,000.00 | |

(Report also on Summary of Schedules)

**Debtor:**     **Matthew S. and Shana B. Olesky**                                    **Case No.**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the Debtor of whatever kind. If the Debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the Debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband", "Wife", Joint or Community". If the Debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed As Exempt.

Do not include interests in executory contracts and unexpired leases on this Schedule. List them in Schedule G, Executory Contracts and Unexpired Leases.

If the property is being held for the Debtor by someone else, state that persons name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such a "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. §112 AND Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE X | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE COMMUNITY OR JOINT | CURRENT VALUE OF THE DEBTOR(S) INTEREST IN PROPERTY WITHOUT DE-DUCTING ANY SECURED CLAIM OR EXEMPTION. |
|---|---|---|---|---|
| 1.  Cash on Hand | | | J | $20.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks savings and loan, thrift, building and loan, and homestead assoc-iations or credit unions, brokerage houses or cooperatives. | | Charter One Bank Checking and Savings Account | H | $800.00 |
| | | Chase Bank Checking Account | H | $10.00 |
| | | Wal-Mart Gift Card | W | $500.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video and computer equipment | | Standard Household Goods.  No single item exceeds $550.00 in value. 21507 Lakebreeze Street St. Clair Shores, MI | J | $10,000.00 |
| 5.  Books, pictures, and other art objects, antiques, stamp, coin, record, tape, compact disc and other collections or collectibles. | X | | | |
| 6.  Wearing Apparel. | | Standard Wearing Apparel.  No single item exceeds $550.00 in value. 21507 Lakebreeze Street St. Clair Shores, MI | H W | $500.00 $1,000.00 |
| 7.  Furs and Jewelry. | | Miscellaneous Jewelry 21507 Lakebreeze Street St. Clair Shores, MI | H W | $200.00 $500.00 |
| 8.  Firearms and sports photographic and other hobby equipment. | | Bowling Equipment 21507 Lakebreeze Street St. Clair Shores, MI | J | $100.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Term Life Insurance Policy | J | $0.00 |
| 10.  Annuities.  Itemize and name each issuer. | X | | | |

**Debtor:** **Matthew S. and Shana B. Olesky**          **Case No.**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE X | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE COMMUNITY OR JOINT | CURRENT VALUE OF THE DEBTOR(S) INTEREST IN PROPERTY WITHOUT DE- DUCTING ANY SECURED CLAIM OR EXEMPTION. |
|---|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. §530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. §529 (b)(1).  Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. §521(C); | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing Plans.  Give particulars. | | 401(k) Pension | W | $2,000.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses.  Itemize. | | Platinum Exterior House repairs | *J | $2,000.00 (½ Share) |
| 14.  Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15.  Government or Corporate Bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.  Accounts Receivable | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the Debtor is or may be entitled.  Give particulars. | X | | | |
| 18.  Other liquidated debts owed to Debtor, including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates and rights or powers exercisable for the benefit of the Debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and non- contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counter-claims of the Debtor, and rights to set off claims. Give estimated value of each. | | Withholding in excess of tax liability due for 2009 tax year. | J | $2,000.00 |

Debtor:     **Matthew S. and Shana B. Olesky**                    Case No.

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE X | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE COMMUNITY OR JOINT | CURRENT VALUE OF THE DEBTOR(S) INTEREST IN PROPERTY WITHOUT DE-DUCTING ANY SECURED CLAIM OR EXEMPTION. |
|---|---|---|---|---|
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24.  Customer lists or other com-pilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the Debtor by individuals in connection with obtaining a product or service from the Debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, other vehicles and accessories. | | 2004 Chevrolet Express Van 1999 Ford E-250 2002 Dutchman Trailer 21507 Lakebreeze Street St. Clair Shores, MI | H H W | $9,500.00 $2,000.00 $8,000.00 |
| 26.  Boats, motors & accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office Equipment, Furnishings and Supplies | X | | | |
| 29.  Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30.  Inventory | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops, growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | | Household Tools 21507 Lakebreeze Street St. Clair Shores, MI | H | $200.00 |

- 0 - Continuation Sheets Attached          Total                                          $39,330.00

**\*Joint with Michael McDade.**

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules)

**In Re: Matthew S. and Shana B. Olesky**                                      **Case No.**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT (HUSBAND)

Debtor claims the exemptions to which Debtor is entitled under:        [ ] Check if Debtor claims a homestead exemption
(Check One Box)                                                                        that exceeds $136,875.

**[X]**  11 U.S.C. § 522(b)(2):
**[ ]**  11 U.S.C. § 522(b)(3):

| Description of Property | Specify Law Providing Each Exemption | Value Of Claimed Exemption | Current Value Of Property Without Deducting Exemption |
|---|---|---|---|
| Platinum Exterior House Repairs | 522(d)(5) | $2,000.00 | $4,000.00 |
| Cash & Bank Accounts | 522(d)(5) | $820.00 | $830.00 |
| Household Goods | 522(d)(3) | $5,000.00 | $10,000.00 |
| Wearing Apparel | 522(d)(3) | $500.00 | $500.00 |
| Miscellaneous Jewelry | 522(d)(4) | $200.00 | $200.00 |
| Bowling Equipment | 522(d)(5) | $50.00 | $100.00 |
| Withholding in excess of tax liability due for 2009 tax year. | 522(d)(5) | $1,000.00 | $2,000.00 |
| 1999 Ford E-250 | 522(d)(2) | $2,000.00 | $2,000.00 |
| Household Tools | 522(d)(5) | $200.00 | $200.00 |
| Sub Total | | $11,770.00 | |

**In Re: Matthew S. and Shana B. Olesky**                                                    **Case No.**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT (WIFE)

Debtor claims the exemptions to which Debtor is entitled under:
(Check One Box)

**[ ]** Check if Debtor claims a homestead exemption
that exceeds $136,875.

**[X]** 11 U.S.C. § 522(b)(2):
**[ ]** 11 U.S.C. § 522(b)(3):

| Description of Property | Specify Law Providing Each Exemption | Value Of Claimed Exemption | Current Value Of Property Without Deducting Exemption |
|---|---|---|---|
| Cash & Bank Accounts | 522(d)(5) | $510.00 | $520.00 |
| Household Goods | 522(d)(3) | $5,000.00 | $10,000.00 |
| Wearing Apparel | 522(d)(3) | $1,000.00 | $1,000.00 |
| Miscellaneous Jewelry | 522(d)(4) | $500.00 | $500.00 |
| Bowling Equipment | 522(d)(5) | $50.00 | $100.00 |
| 401(k) Pension | 522(d)(12) | $2,000.00 | $2,000.00 |
| Vacant Lot in Shiawassee County, MI | 522(d)(5) | $6,000.00 | $6,000.00 |
| Withholding in excess of tax liability due for 2009 tax year. | 522(d)(5) | $1,000.00 | $2,000.00 |
| Sub Total | | $16,060.00 | |
| Total | | $27,830.00 | |

**Debtor: Matthew S. and Shana B. Olesky**                    **Case No.**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

[ ] Check this box if Debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address including Zip Code and Account Number | Co-Debtor | H/W J/C | Date Claim was Incurred, Nature of Lien and Description and Value of Property Subject to Lien | C | U | D | Amount of Claim Without Deduct-Ing Value of Collateral | Unsecured Portion, If Any. |
|---|---|---|---|---|---|---|---|---|
| 8429<br>Citi Mortgage<br>C/O: Trott & Trott<br>31440 Northwestern Hwy., Ste. 200<br>Farmington Hills, MI 48334<br><br>Citi Mortgage<br>P.O. Box 790001   MS301<br>St. Louis, MO 63179-0001 | | J | 2000, First mortgage on residence<br>Value: $126,000.00<br><br>Notice Only | | | | $126,643.00 | $643.00 |
| 9002<br>Christian Financial Credit Union<br>18441 Utica Rd.<br>Roseville, MI 48066 | | J | 2002, Second mortgage on residence<br>Value: $126,000.00 | | | | $3,000.00 | $3,000.00 |
| 6679<br>National City Bank of MI/IL<br>Consumer Loan Services<br>P.O. Box 5570<br>Cleveland, OH 44101 | | W | 2002, Lien on 2002 Dutchman Trailer<br>Value: $8,000.00 | | | | $17,022.00 | $9,022.00 |
| 3790<br>G.M.A.C.<br>P.O. Box 130424<br>Roseville, MN 55113 | | H | 2004, Lien on 2004 Chevrolet Express Van<br>Value: $9,500.00 | | | | $10,183.00 | $683.00 |

-0- Continuation Sheets Attached

Subtotal (Total of This Page)  $156,848.00  $13,348.00

Total (Use only on last page)  $156,848.00  $13,348.00

(Report also on Summary of Schedules)

If applicable Report also on Statistical Summary of Certain Liabilities and Related Data)

**Debtor:** **Matthew S. and Shana B. Olesky**                    Case No.

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

**[X]** Check this box if Debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS: (check the appropriate boxes below if claims in that category are listed on the attached sheets)

[ ] **Domestic Support Obligations**:
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the Debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ] **Extensions of Credit in an Involuntary Case:**
Claims arising in the ordinary course of the Debtor(s) business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

[ ] **Wages, Salaries and Commissions:**
Wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees, and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition,  or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Contributions to Employee Benefit Plans:**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ] **Certain Farmers and Fishermen:**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the Debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ] **Deposits by Individuals:**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units:**
Taxes, custom duties and penalties owing to federal, state and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution:**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated:**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the Debtor was intoxicated from using alcohol, a drug or other substance.  11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced  on or after the date of adjustment.

-0- Continuation Sheets Attached

**In Re: Matthew S. and Shana B. Olesky**                    **Case No.**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

[ ] Check this box if Debtor has no creditors holding unsecured non-priority claims to report on this Schedule F

| Creditor's Name, Mailing Address Including Zip Code and Account Numbers | Co-Debtor | H/W J/C | Date Claim Was Incurred And Consideration for Claim, If Claim Is Subject to Setoff, So State | C | U | D | Amount Of Claim |
|---|---|---|---|---|---|---|---|
| 8629<br>Advance America Cash Advance<br>30780 Hoover Road<br>Warren, MI 48093 | | W | 2008, Personal Loan | | | | $677.00 |
| 4711<br>American Express<br>Customer Service<br>P. O. Box 297804<br>Ft. Lauderdale, FL 33329-7804 | | H | 2008, Retail Credit | | | | $500.00 |
| 5985<br>Banana Republic - GECapital<br>LVNV Funding LLC<br>P.O. Box 10497<br>Greenville, SC 29603-0584 | | W | 2009, Assignee of collection account | | | | $921.00 |
| 79GC<br>Capital One Bank<br>C/O: Tricia McKinnon, Esq.<br>P. O. Box 5016<br>Rochester Hills, MI 48308 | | W | 2009, Bank Card | | | | $1,783.00 |
| 6737<br>Chase Bank<br>C/O: NCO Financial Systems<br>507 Prudential Road<br>Horsham, PA 19044 | | W | 2009, Assignee of collection account | | | | $4,668.00 |
| 3063<br>Citibank<br>C/O: Associated Recovery Systems<br>201 West Grand Avenue<br>Escondido, CA 92025 | | H | 2009, Assignee of collection account | | | | $4,671.00 |
| 8494<br>Citifinancial Retail Services<br>P.O. Box 22060<br>Tempe, AZ 85285 | | H | 2009, Retail Credit | | | | $3,434.00 |

_-1-_ Continuation Sheets Attached                    Sub-Total        $16,654.00

Total
(Use only on last page of completed Schedule F)
(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Requested Data)

**In Re: Matthew S. and Shana B. Olesky**              **Case No.**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS
### (Continuation Page)

| Creditor's Name, Mailing Address Including Zip Code and Account Numbers | Co-Debtor | H/W J/C | Date Claim Was Incurred And Consideration for Claim, If Claim Is Subject to Setoff, So State | C | U | D | Amount Of Claim |
|---|---|---|---|---|---|---|---|
| 6478<br>Comerica Bank<br>C/O: TRS Recovery Services, Inc.<br>P.O. Box 60012<br>City of Industry, CA 91716-0012 | | J | 2009, Overdraft | | | | $1,038.00 |
| 0568<br>Direct Merchants - Metris<br>C/O: CACH, LLC<br>33 Villa Road<br>Greenville, SC 29615 | | H | 2009, Assignee of collection account | | | | $811.00 |
| 02GC<br>Discover Bank<br>C/O: Geraldine C. Buckles, Esq.<br>P.O. Box 1150<br>Birmingham, MI 48012 | | W | 2009, Retail Credit | | | | $9,912.00 |
| 0056<br>HFC III<br>P. O. Box 8633<br>Elmhurst, IL 60126 | | H | 2009, Retail Credit | | | | $9,077.00 |
| 0101<br>Liberty Mutual Insurance<br>C/O: Credit Collection Services<br>Two Wells Ave.<br>Newton, MA 02159 | | W | 2009, Insurance Premium | | | | $289.00 |
| 5302<br>Macy's<br>C/O: Northland Group, Inc.<br>P.O. Box 390846<br>Edina, MN 55439 | | W | 2009, Assignee of collection account | | | | $513.00 |
| 0545<br>Payday Max<br>C/O: NCA<br>P.O. Box 550<br>Hutchinson, KS 67504 | | W | 2009, Assignee of collection account | | | | $1,501.00 |
| 6629<br>Wells Fargo Bank<br>4143 - 121st Street<br>Urbandale, IA 50323 | | W | 2009, Personal Loan | | | | $829.00 |

 -1-  of -1-  continuation sheets attached to Schedule of Creditors Holding Unsecured Non Priority Claims.

| | |
|---|---|
| Sub-Total | $23,970.00 |
| Total<br>(Use only on last page of completed Schedule F)<br>(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Requested Data) | $40,624.00 |

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**[X]** Check this box if Debtor has no Executory Contracts or Unexpired Leases.

| Name and Mailing Address, Including Zip Code Of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor(s) Interest, State Whether Lease Is For Nonresidential Real Property, State Contract Number of Any Government Contract. |
|---|---|
| | |

**Debtor:      Matthew S. and Shana B. Olesky**                                    **Case No:**

## SCHEDULE H - CO-DEBTORS

**[X]**  Check this box if Debtor has no Co-Debtors.

| Name and Mailing Address of Co-Debtor | Name and Address of Creditor |
|---|---|
|  |  |

**Debtor:** **Matthew S. and Shana B. Olesky**                    **Case No:**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor(s) Marital Status: | Dependents of Debtor and Spouse: | |
|---|---|---|
| Married | Relationship: Daughter, Daughter, Daughter | Age(s)   15, 13, 4 |

| Employment: | Debtor | Spouse |
|---|---|---|
| Occupation: | Window Installer & Repairs | Medical Biller |
| Name of Employer: | Platinum Exterior Home Repairs, d/b/a Platinum Glass | South Oakland Billing, Inc. |
| How Long Employed: | 13 years | 13 years |
| Address of Employer: | 21524 Share | 6985 Miller Drive |
|  | St. Clair Shores, MI 48080 | Warren, MI 48092 |

INCOME: (Estimate of average or projected monthly income at time case filed)          Debtor          Spouse

| | | Debtor | Spouse |
|---|---|---|---|
| 1. | Monthly gross wages, salary and commissions. | *$1,200.00 | $4,166.67 |
|  | (Prorate if not paid monthly) | | |
| 2. | Estimated monthly overtime. | | |
| 3. | **SUBTOTAL** | **$1,200.00** | **$4,166.67** |
| 4. | LESS PAYROLL DEDUCTIONS: | | |
|  | a. Payroll Taxes and Social Security | | $702.82 |
|  | b. Insurance | | $86.70 |
|  | c. Union Dues | | |
|  | d. Other:  **401(k) Loan** | | $70.00 |
| 5. | **SUBTOTAL OF PAYROLL DEDUCTIONS** | **$0.00** | **$859.52** |
| 6. | **TOTAL NET MONTHLY TAKE HOME PAY** | **$1,200.00** | **$3,307.15** |
| 7. | Regular income from operation of business, profession or farm | | |
|  | (attach detailed statement) | | |
| 8. | Income from real property | | |
| 9. | Interest and dividends | | |
| 10. | Alimony, maintenance or support payments payable to the Debtor | | |
|  | for the Debtors use or that of dependents listed above. | | |
| 11. | Social Security or other government assistance | | |
|  | Specify: | | |
| 12. | Pension or Retirement income | | |
| 13. | Other monthly income. | | |
|  | Specify: **Unemployment Compensation** | *$675.00 | |
| 14. | **SUBTOTAL OF LINES 7 THROUGH 13** | **$675.00** | **$0.00** |
| 15. | **AVERAGE MONTHLY INCOME** (add amounts on lines 6 and 14) | **$1,875.00** | **$3,307.15** |
| 16. | **COMBINED AVERAGE MONTHLY INCOME**  (Combine column totals from line 15) | **$5,182.15** | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data).

17.  Describe any increase or decease in income reasonably anticipated to occur within the year following the filing of this document.

**\*Average monthly income from Business and Unemployment Compensation.**

**Debtor:** **Matthew S. and Shana B. Olesky**                    **Case No:**

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

[ ] Check this box if a joint petition is filed and Debtors spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---|
| 1. | Rent or Home Mortgage Payments (include lot rented for mobile home) | $1,085.00 |
| | a. Are Real estate taxes included **[X]** Yes **[ ]** No. | |
| | b. Is property insurance included **[X]** Yes **[ ]** No. | |
| 2. | Utilities: a. Electricity and Heating Fuel | $270.00 |
| | b. Water and Sewer | $67.00 |
| | c. Telephone | $170.00 |
| | d. Other **(Cable Television and Internet)** | $125.00 |
| 3. | Home Maintenance (repairs and upkeep) | $75.00 |
| 4. | Food | $800.00 |
| 5. | Clothing | $175.00 |
| 6. | Laundry and Dry Cleaning | $50.00 |
| 7. | Medical and Dental Expenses | $90.00 |
| 8. | Transportation (not including car payment) | $300.00 |
| 9. | Recreation, clubs and entertainment, newspapers, magazines, etc. | $120.00 |
| 10. | Charitable contributions | |
| 11. | Insurance (not deducted from wages or included in home mortgage payments): | |
| | a. Homeowners or Renters | |
| | b. Life | |
| | c. Health | |
| | d. Auto | $170.00 |
| | e. Other: | |
| 12. | Taxes (not deducted from wages or included in home mortgage payments) | |
| | Specify. | |
| 13. | Installment payments (In Chapter 11, 12 and 13 cases, do not list payments to be included in Plan) | |
| | a. Auto    **2004 Chevrolet Express Van** | $505.00 |
| | b. Other **Vacant Lot Association dues** | $100.00 |
| | c. Other  **Second Mortgage** | $100.00 |
| 14. | Alimony, maintenance and support paid to others | |
| 15. | Payments for support of additional dependents not living at your home | |
| 16. | Regular expenses from operation of business, profession or farm (see attached) | |
| 17. | Other: **Hair cuts, personal grooming and miscellaneous expenses $100.00;** | $978.00 |
| | **Child Care $503.00; Pet Care $30.00; Vehicle Repairs $75.00;** | |
| | **Cigarettes $120.00; Lunches $100.00; Children's extracurricular activities $50.00** | |

18. AVERAGE MONTHLY EXPENSES: (Total lines 1-17. Report also on Summary of Schedules    **$5,180.00**
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data).

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**None.**

20. STATEMENT OF MONTHLY NET INCOME

A. Average Monthly Income from Line 15 of Schedule I                    **$5,182.15**

B. Average Monthly Expenses from Line 18 above                    **$5,180.00**

C. Monthly Net Income (A Minus B)                    **$2.15**

Debtor:    **Matthew S. and Shana B. Olesky**                                    **Case No:**

## DECLARATION CONCERNING DEBTOR(S) SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR(S)

I declare under penalty of perjury that I have read the foregoing summary  and schedules, consisting of  **16**  sheets and that they are true to the best of my knowledge, information and belief.

Dated: February 4, 2010_____   ___***/S/ Matthew S. Olesky***_____

_____Signature - Matthew S. Olesky    - Debtor

Dated: February 4, 2010_____   ___***/S/ Shana B. Olesky***_____

_____Signature - Shana B. Olesky      - Co-Debtor

*Penalty for making a false statement or concealing property:  Fine of up to $500,000.00*
*or imprisonment for up to five (5) years, or both.  18 U.S.C. §§  152 & 3571.*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:  **Matthew S. and Shana B. Olesky**                                        **Case No.**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every Debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under Chapter 12 or 13, a married Debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual Debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individuals personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. §112; Fed. R. Bankr. P. 1007(m).

Questions 1 -18 are to be completed by all Debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  If the answer to an applicable question is "None", mark the box labeled "None".  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number, if know, and the number of the question.

### *DEFINITIONS*

*"In Business"*.  A Debtor is "in business" for the purpose of this form if the Debtor is a corporation or partnership.  An individual Debtor is "in business" for the purpose of this form if the Debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive or owner of five percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self employed full-time or part-time.  An individual Debtor may also be "in business" for the purpose of this form if the Debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the Debtor's primary employment.

*"Insider"*.  The term "insider" includes but is not limited to: relatives of the Debtor; general partners of the Debtor and their relatives; corporations of which the Debtor is an officer, director or person in control; officers, directors and any owner of five percent or more of the voting or equity securities of a corporate Debtor and their relatives; affiliates of the Debtor and insiders of such affiliates; any managing agent of the Debtor.  11 U.S.C. §101.

---

**1.  Income from employment or operation of business.**

None

[ ]

State the gross amount of income the Debtor has received from employment, trade or profession, or from operation of the Debtor(s) business, including part time activities either as an employee or in independent trade or business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A Debtor that maintains, or has maintained, financial records on the basis of a fiscal year rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the Debtor(s) fiscal year).  If a joint petition is filed, state income for each spouse separately. (Married Debtors filing under Chapter 12 or Chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| | AMOUNT | | SOURCE |
|---|---|---|---|
| | (H) | (W) | |
| 2010 | $0.00 | $4,166.67 | Employment |
| 2009 | $12,050.00 | $54,293.00 | Employment / Employment |
| 2008 | $14,475.00; $4,468.00 | $57,141.00 | Employment; Business Distribution / Employment |

**2. Income other than from employment or operation of business.**

None
[ ]

State the amount of income received by the Debtor other than from employment, trade, profession, or operation of the Debtor(s) business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income from each spouse separately. (Married Debtors filing under Chapter 12 or Chapter 13 must state income for each spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| AMOUNT | | | SOURCE |
|--------|--|--|--------|
| | ( H ) | ( W ) | |
| 2009 | $9,000.00 | $0.00 | Unemployment Compensation |
| 2008 | $8,100.00 | $0.00 | Unemployment Compensation |

---

**3. Payments to creditors.**

*Complete a. or b., as appropriate, and c.*

None
[ ]

(a) *Individual or Joint Debtor(s) with Primarily Consumer Debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married Debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)

| Names and Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|
| Citi Mortgage<br>P.O. Box 790001   MS301<br>St. Louis, MO 63179-0001 | 3 Monthly payments | $3,255.00 | $126,643.00 |
| G.M.A.C.<br>P.O. Box 130424<br>Roseville, MN 55113 | 3 Monthly payments | $1,515.00 | $10,183.00 |

None
[X]

(b) *Debtor(s) whose Debts are not Primarily Consumer Debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the Debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a Plan by an approved nonprofit budgeting and credit counseling agency. (Married Debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)

| Names and Address of Creditor | Dates of Payments/<br>Transfers | Amount Paid or Value<br>of Transfers | Amount Still Owing |
|---|---|---|---|
| | | | |

None
[X]

(c) *All Debtor(s):* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married Debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)

| Names and Address of Creditor and Relationship to Debtor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments.**

None
[ ]

(a) List all suits and administrative proceedings to which the Debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition. |
|---|---|---|---|
| Capital One Bank vs Shana B. Olesky Case No. 08-1779-GC | Collection | 40th District Court St. Clair Shores, MI | Judgment |
| Christian Financial Credit Union vs Shana B. Willis Case No. 09-4291-SC | Collection | 39th District Court Roseville, MI | Pending |
| Discover Bank vs Shana B. Olesky Case No. 09-2202-GC | Collection | 40th District Court St. Clair Shores, MI | Judgment |

None
[X]

(b) Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Names and Address of Person for Whose Benefit Property Was Seized | Date of Seizure | Description and Value of Property |
|---|---|---|

**5. Repossession, foreclosures and returns.**

None
[X]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to seller within one year immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
|---|---|---|

**6. Assignments and Receiverships.**

None
[X]

(a) Describe any assignment of property for the benefit of creditors made with 120 days immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include any assignments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement. |
| --- | --- | --- |

None
[X]

(b) List all property which has been in the hands of a custodian, receiver, or court appointed official within one year immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Custodian | Names and Location of Court Case Number and Title | Date of Order | Description and Value of Property |
| --- | --- | --- | --- |

---

**7. Gifts.**

None
[X]

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married Debtors filing under Chapter 12 or Chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Person or Organization | Relationship to Debtor, If Any | Date of Gift | Description and Value of Gift |
| --- | --- | --- | --- |

---

**8. Losses.**

None
[X]

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Description and Value of Property | Description of Circumstances and, if Loss Was Covered in Whole Or in Part by Insurance, Give Particulars. | Date of Loss |
| --- | --- | --- |

---

**9. Payments related to debt counseling or bankruptcy**

None
[ ]
List all payments made or property transferred by or on behalf of the Debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payer if Other Than Debtor. | Amount of Money Or Description and Value of Property |
| --- | --- | --- |
| Mark W. Chessman 25225 Gratiot Avenue Roseville, MI 48066 | December 28, 2009 | $500.00 |
| Green Path Debt Solutions 27085 Gratiot Avenue, Ste. #103 Roseville, MI 48066 | February 9, 2010 | $50.00 |

**10. Other Transfers.**

None
[X]
(a) List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor(s), transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Transferee Relationship to Debtor | Date | Describe Property Transferred And Value Received. |
| --- | --- | --- |

None
[X]
(b) List all property transferred by the Debtor(s) within ten (10) years, immediately preceding the commencement of this case to a self-settled trust or similar device of which the Debtor(s) is a beneficiary.

| Name of Trust Or Other Device | Date(s) of Transfer(s) | Amount of Money or Description and Value Of Property or Debtor(s) Interest in Property |
| --- | --- | --- |

**11. Closed Financial Accounts.**

None
[X]
List all financial accounts and instruments held in the name of the Debtor(s) for the benefit of the Debtor(s) which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Institution | Type of Account, Last Four Digits of Account Number, and Amount of Final Balance | Amount and Date of Sale or Closing |
| --- | --- | --- |

**12. Safe Deposit Boxes.**

None
**[X]**

List each safe deposit or other box or depository in which the Debtor(s) had or had securities, cash or other valuables within one year immediately preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Bank or Other Depository | Name and Address of Those With Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, If Any. |
|---|---|---|---|

---

**13. Set-offs.**

None
**[X]**

List all set-offs made by any creditor, including a bank, against a debt or deposit of the Debtor(s) within 90 days preceding the commencement of this case. (Married Debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| Name and Address of Creditor | Date of Set-Off | Amount of Set-Off |
|---|---|---|

---

**14. Property held for another person.**

None
**[X]**

List all property owned by another person that the Debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
|---|---|---|

---

**15. Prior address of Debtor.**

None
**[X]**

If the Debtor(s) has moved within the three (3) years immediately preceding the commencement of this case, list all premises which the Debtor(s) occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| Address | Name Used | Dates of Occupancy |
|---|---|---|

---

**16. Spouses and Former Spouses**

None
**[X]**   If the Debtor(s) resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within eight years immediately preceding the commencement of this case, identify the name of the Debtor(s) spouse and of any former spouse who resides or resided with the Debtor in the community property state.

Name

---

**17. Environmental Information:**

For the purpose fo this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other mediums, including but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or materials.

"Site" means any location, facility or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the Debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
**[X]**   a. List the name and address of every site for which the Debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
| --- | --- | --- | --- |

None
**[X]**   b. List the name and address of every site for which the Debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
| --- | --- | --- | --- |

None
**[X]**   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the Debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding and the docket number.

| Name and Address of Of Governmental Unit | Docket Number | Status or Disposition |
| --- | --- | --- |

---

**18. Nature, location and name of business:**

None
[  ]

a.  *If the Debtor is an individual*,  list the names, addresses taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the Debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor, or was  self employed in a trade, profession or other activity, either full or part time,  within **six years** immediately preceding the commencement of this case,  or in which the Debtor owned five per-cent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the Debtor is a partnership*, list the names, addresses.  taxpayer identification numbers, nature of the businesses, and  beginning and ending dates of all businesses in which the Debtor was a partner or owned five per-cent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the Debtor is a corporation*  list the names, addresses,  taxpayer identification numbers, nature of the businesses, and  beginning and ending dates of all businesses in which the Debtor was a partner or owned five per-cent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

| Name | Last Four Digits of Social Security Or Other Individual Taxpayer ID No. (ITIN)/ Complete EIN | Address | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|---|
| Platinum Exterior Home Repairs d/b/a Platinum Glass | 38-3566455 | 21524 Share St. Clair Shores, MI 48082 | Glass Installation | 1996 - Present |

None
[X]

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

Name                                                               Address

---

The following questions are to be completed by every Debtor that is a corporation or partnership and by any individual Debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than five percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession or other activity either full or part time.

(An individual or joint Debtor should complete this portion of the statement only if the Debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A Debtor who has not been in business within those six years should go directly to the signature page).

**19. Books, records and financial statements:**

None
[X]

a. List all bookkeepers and accountants who,  within two years immediately preceding  the filing of  this bankruptcy case, kept or supervised the keeping of the books of account and records of the Debtor.

Name and Address                                                               Dates Services Rendered

None
[X]

b. List all firms or individuals who, within two years immediately preceding the filing of this bankruptcy case, have audited the books of account and records, or prepared a financial statement of the Debtor.

| Name | Address | Dates Services Rendered |
|------|---------|------------------------|

None
[X]

c. List all firms or individuals who, at the time of the commencement of this case, were in possession of the books of account and records of the Debtor. If any of the books of account and records are not available, explain.

| Name | Address |
|------|---------|

None
[X]

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the Debtor within two years immediately preceding the commencement of this case.

| Name and Address | Date Issued |
|------------------|-------------|

---

## 20. Inventories:

None
[X]

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| Date of Inventory | Inventory Supervisor | Dollar Amount of Inventory (Specify Cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

None
[X]

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| Date of Inventory | Name and Addresses of Custodian of Inventory Records |
|-------------------|------------------------------------------------------|

---

## 21. Current Partners, Officers, Directors and Shareholders.

None
[X]

a. If the Debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| Name and Address | Nature of Interest | Percentage of Interest |
|------------------|--------------------|------------------------|

None [X]  b. If the Debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds five per-cent or more of the voting or equity securities of the corporation.

| Name and Address | Title | Nature and Percentage of Stock Ownership |
|---|---|---|
| | | |

### 22. Former Partners, Officers, Directors and Shareholders.

None [X]  a. If the Debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| Name | Address | Date of Withdrawal |
|---|---|---|
| | | |

None [X]  b. If the Debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| Name and Address | Title | Date of Termination |
|---|---|---|
| | | |

### 23. Withdrawals from a partnership or distributions by a corporation.

None [X]  If the Debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| Name and Address of Recipient, Relationship to Debtor | Date and Purpose of Withdrawal | Amount of Money or Description and Value of Property. |
|---|---|---|
| | | |

### 24. Tax Consolidation Group.

None [X]  If the Debtor is a corporation, list the names and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the Debtor has been a member at any time within six years immediately preceding the commencement of this case.

| Name of Parent Corporation | Taxpayer Identification Number (EIN) |
|---|---|
| | |

**25. Pension Funds.**

None
**[X]**   If the Debtor is not an individual, list the names and federal taxpayer identification number of any pension fund to which the Debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of this case.

Name of Pension Fund                                    Taxpayer Identification Number


****************


_____


    I declare under penalty of perjury that I (we) have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct.


Dated :February 4, 2010                    **_/S/ Matthew S. Olesky_**_____
                                           Signature - Matthew S. Olesky     - Debtor


Dated: February 4, 2010_____    **_/S/ Shana B. Olesky_**_____
                                           Signature - Shana B. Olesky     - Debtor


***Penalty for making a false statement:  Fine of up to $500,000.00***
***or imprisonment for up to five (5) years, or both.  18 U.S.C. §§ 152 & 3571***

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:     **Matthew S. And Shana B. Olesky**          **Chapter 7 Case Number:**

**CHAPTER 7 INDIVIDUAL DEBTOR(S) STATEMENT OF INTENTION**

**PART A - Debts secured by property of the estate**. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.).*

**Property No. 1**:

**Creditors Name:** _____          **Describe Property Securing Debt:**

**Citi Mortgage**                                         **21507 Lakepointe Street, St. Clair Shores, MI**

**Property will be** *(check one)*:     [ ] Surrendered          [X] Retained

**If retaining the property, I intend to** *(check at least one)*:

                      [ ] Redeem the property
                      [X] Reaffirm the debt
                      [ ] Other: Explain _____
                      *(For example avoid lien using 11 U.S.C. § 522(f)).*

**Property is** *(check one)*:     [X] Claimed as exempt   [ ] Not claimed as exempt.

**Property No. 2** (*if necessary*):

**Creditors Name:** _____          **Describe Property Securing Debt:**

**Christian Financial Credit Union**                    **21507 Lakepointe Street, St. Clair Shores, MI**

**Property will be** *(check one)*: [ ] Surrendered          [X] Retained

**If retaining the property, I intend to** *(check at least one)*:

                      [ ] Redeem the property
                      [X] Reaffirm the debt
                      [ ] Other: Explain _____
                      *(For example avoid lien using 11 U.S.C. § 522(f)).*

**Property is** *(check one)*:     [X] Claimed as exempt   [ ] Not claimed as exempt.

**PART B - Personal property subject to unexpired leases.** *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.).*

---

**Property No. 1**

| Lessor's Name: | Describe Leased Property | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| N/A | | [ ] Yes           [ ] No |

---

**Property No. 2** *(if necessary)*:

| Lessor's Name: | Describe Leased Property | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| N/A | | [ ] Yes           [ ] No |

---

**Property No. 3** *(if necessary)*

| Lessor's Name: | Describe Leased Property | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| N/A | | [ ] Yes           [ ] No |

---

**- 1 -** Continuation Sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Dated:  February 4, 2010 _____ */S/ Matthew S. Olesky* _____
_____ Matthew S. Olesky  - Signature of Debtor

_____ */S/ Shana B. Olesky* _____
_____ Shana B. Olesky -  Signature of Joint Debtor

## CHAPTER 7 INDIVIDUAL DEBTOR(S) STATEMENT OF INTENTION
### *(Continuation Sheet)*

**PART A - Continuation**

---

**Property No. 3** :

**Creditors Name:**                                    **Describe Property Securing Debt:**

**National City Bank** _____ **2002 Dutchman Trailer**

**Property will be** *(check one)*:    **[X] Surrendered**        **[ ] Retained**

**If retaining the property, I intend to** *(check at least one)*:

                     **[ ] Redeem the property**
                     **[ ] Reaffirm the debt**
                     **[ ] Other: Explain** _____
                             *(For example avoid lien using 11 U.S.C. § 522(f)).*

**Property is** *(check one)*:    **[ ] Claimed as exempt**    **[X] Not claimed as exempt.**

---

**Property No. 4** :

**Creditors Name:**                                    **Describe Property Securing Debt:**

**G.M.A.C.** _____ **2004 Chevrolet Express Van**

**Property will be** *(check one)*:    **[ ] Surrendered**        **[X] Retained**

**If retaining the property, I intend to** *(check at least one)*:

                     **[ ] Redeem the property**
                     **[X] Reaffirm the debt**
                     **[ ] Other: Explain** _____
                               *(For example avoid lien using 11 U.S.C. § 522(f)).*

**Property is** *(check one)*:    **[X] Claimed as exempt**    **[ ] Not claimed as exempt.**

---

# UNITED STATES BANKRUPTCY COURT
## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with §342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the Bankruptcy Court are sent to the mailing addresses you list on your Bankruptcy Petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the Court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the Bankruptcy Petition, you and your spouse will generally receive a single copy of each notice mailed from the Bankruptcy Court in a jointly addressed envelope, unless you file a statement with the Court requesting that each spouse receive a separate copy of all notices.

**1. <u>Services Available from Credit Counseling Agencies</u>:**

With limited exceptions, §109(h) of the Bankruptcy Code requires that all individual Debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **<u>before</u>** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States Trustee or bankruptcy administrator. The Clerk of the Bankruptcy Court has a list that you may consult of the approved budget and credit counseling agencies. Each Debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses. Each Debtor in a joint case must complete the course.

**2. <u>The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors</u>:**

**<u>Chapter 7</u>: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299.)**

1. Chapter 7 is designed for Debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under Chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the Court dismiss your case under §707(b) of the Code. It is up to the Court to decide whether the case should be dismissed.

2. Under Chapter 7 you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a Chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the Court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay non dischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol and drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, theft, or from a willful and malicious injury, the Bankruptcy Court may determine that the debt is not discharged.

(Page 1 of 2)

**Chapter 13**:  **Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for Chapter 13 if your debts do not exceed certain dollars amounts as set forth in the Bankruptcy Code.

2.  Under Chapter 13 you must file with the Court a Plan to repay your creditors all or part of the money that you owe them using your future earnings.  The period allowed by the Court to repay your debts may be three (3) years or five (5) years depending upon your income and other factors.  The Court must approve your Plan before it can take effect.

3.  After completing the payments under your Plan your debts are generally discharged, except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury;  and certain long term secured obligations.

**Chapter 11**: **Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated and any decision by an individual to file a Chapter 11 petition should be reviewed with an attorney.

**Chapter 12**: **Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total Fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to Chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family owned farm or commercial fishing operation.

**3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a Debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING**: Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the Court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules and the local rules of the Court.

**CERTIFICATE OF [NON-ATTORNEY] BANKRUPTCY PETITION PREPARER**

I, the [non-attorney] bankruptcy petition preparer signing the Debtor(s) petition, hereby certify that I delivered to the Debtor(s) this notice required by §342(b) of the Bankruptcy Code.

_____
Printed name and title if any of the Bankruptcy Petition Preparer
Address:

X _____
Signature of the Bankruptcy Petition Preparer or officer, principal
Responsible person, or partner whose Social Security number is
provided above.

_____
Social Security number (if the bankruptcy petition preparer is not an individual, state th Social Security Number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)  Required by 11 U.S.C. § 110.).

**CERTIFICATE OF THE DEBTOR(S)**

I (We), the Debtor(s), affirm that I (we) have received and read this notice.

| | | |
|---|---|---|
| **Matthew S. And Shana B. Olesky** | **/S/ Matthew S. Olesky** | Date: <u>February 4, 2010</u> |
| Printed name of Debtor(s) | Signature of Debtor | |
| | | |
| Case No. (if known) _____ | **/S/ Shana B. Olesky** | Date: <u>February 4, 2010</u> |
| | Signature of Joint Debtor (if any) | |

B 203 (12/94)

**Mark W. Chessman (P29174)**
**Attorney for Debtor**
**Law Offices of Mark W. Chessman P.C.**
**25225 Gratiot Avenue**
**Roseville, MI 48066**
**(586)-498-9400**

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

In Re:        **Matthew S. Olesky and Shana B. Olesky,**        **Chapter 7 Proceeding**
                  **(f/k/a Shana B. Willis)**                                     **Case Number**
                  **21507 Lakebreeze Street**
                  **St. Clair Shores, MI 48082-2206**
                  **8256 / 3254**
_____/

## STATEMENT OF ATTORNEY FOR DEBTOR(S)
## PURSUANT TO F.R. BANKR.P. 2016(b)

The undersigned, pursuant to F.R. Bankr.P. 2016(b), Bankruptcy Rule, states that:

(1) The undersigned is the attorney for the Debtor(s) in this case.

(2) The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is:

     **[X] FLAT FEE**:
     (A)      For legal services rendered in contemplation of and in connection
              with this case, exclusive of the filing fee paid                 **$1,200.00**
     (B)      Prior to filing this statement, received                          **$500.00**
     (C)      The unpaid balance due and payable                            **$700.00**

     **[ ] RETAINER**:
     (A)      Amount of Retainer received
     (B)      The undersigned shall bill against the retainer at an hourly rate of **$_____**
              (or attach firm hourly rate schedule). Debtor(s) have agreed to pay all Court
              approved fees and expenses exceeding the amount of the retainer.

(3) **$299.00** of the filing fee in this case has been paid.

(4) In return for the above disclosed fee, I have agreed to render legal services for all aspects of the Bankruptcy case, including

     (A) Analysis of the financial situation and rendering advice to the Debtor(s) in determining whether to file
          a petition in Bankruptcy.
     (B) Preparation and filing of any Petition, Schedules, Statement of Affairs and Plan which may be required.
     (C) Representation of the Debtor(s) at the meeting of creditors, and any adjourned hearings thereof;
     (D) Reaffirmations
     (E) Redemptions
     (F) Other: **None.**

(5) By agreement with the Debtor(s) the above disclosed fee does not include the following services:

(A) Representation of the Debtor(s) in Adversary Proceedings and other contested bankruptcy matters.
(B) Representation at Examinations under B.R. 2004
(C) Costs advanced.

(6) The source of payments to the undersigned was from

**[X]** (A) Debtor's earnings, wages and compensation for services performed.
(B) Other (describe, include identity of payor) _____
_____

(7) The undersigned have not shared or agreed to share, with any person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows: Office sharing arrangement with Sheldon B. Greenblatt in exchange for Bankruptcy Court appearances.


Dated: **February 4, 2010**                              **/S/ Mark W. Chessman**
                                                          Mark W. Chessman (P29174)
                                                          Attorney for Debtor(s)
                                                          Law Offices of Mark W. Chessman P.C.
                                                          25225 Gratiot Avenue
                                                          Roseville, MI 48066
                                                          (586)-498-9400
                                                          diana@chessmanlaw.com


Agreed:    **/S/ Matthew S. Olesky**                      **/S/ Shana B. Olesky**
           Matthew S. Olesky        - Debtor             Shana B. Olesky- Debtor


(2)

Advance America Cash Advance
30780 Hoover Road
Warren, MI 48093

American Express
Customer Service
P. O. Box 297804
Ft. Lauderdale, FL 33329-7804

Banana Republic - GE Capital
LVNV Funding LLC
P.O. Box 10497
Greenville, SC 29603-0584

Capital One Bank
C/O: Tricia McKinnon, Esq.
P. O. Box 5016
Rochester Hills, MI 48308

Chase Bank
C/O:  NCO Financial Systems
507 Prudential Road
Horsham, PA 19044

Christian Financial Credit Union
18441 Utica Rd.
Roseville, MI 48066

Citi Mortgage
P.O. Box 790001   MS301
St. Louis, MO 63179-0001

Citi Mortgage
C/O:  Trott & Trott
31440 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334

Citibank
C/O:  Associated Recovery Systems
201 West Grand Avenue
Escondido, CA 92025

Citifinancial Retail Services
P.O. Box 22060
Tempe, AZ 85285

Comerica Bank
C/O:  TRS Recovery Services, Inc.
P.O. Box 60012
City of Industry, CA 91716-0012

Direct Merchants - Metris
C/O:  CACH, LLC
33 Villa Road
Greenville, SC 29615

Discover Bank
C/O: Geraldine C. Buckles, Esq.
P.O. Box 1150
Birmingham, MI 48012

G.M.A.C.
P.O. Box 130424
Roseville, MN 55113

HFC III
P. O. Box 8633
Elmhurst, IL 60126

Liberty Mutual Insurance
C/O: Credit Collection Services
Two Wells Ave.
Newton, MA 02159

Macy's
C/O: Northland Group, Inc.
P.O. Box 390846
Edina, MN 55439

National City Bank of MI/IL
Consumer Loan Services
P.O. Box 5570
Cleveland, OH 44101

Payday Max
C/O: NCA
P.O. Box 550
Hutchinson, KS 67504

Wells Fargo Bank
4143 - 121st Street
Urbandale, IA 50323